E-FILED
Thursday, 09 September, 2010 08:51:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES C. HOWELL ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 4:09-cv-04062 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**O P I N I O N  &  O R D E R**

Petitioner, Charles C. Howell, is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on August 28, 2009. (Doc. 1). On October 26, 2009, Respondent filed United States' Response to Petitioner's Motion Under § 2255. (Doc. 5). Petitioner filed a Reply on February 16, 2010. (Doc. 8).

Petitioner has requested an evidentiary hearing on his claims of ineffective assistance of counsel. (Doc. 1). He is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). As the factual issues relevant to Petitioner's claims in this action can be resolved on the record, an evidentiary hearing is not required. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). For the reasons stated below, the Court finds that an evidentiary hearing is unnecessary, and Petitioner's Motion to Vacate is DENIED.

## BACKGROUND

On May 17, 2006, a Superseding Indictment was returned against Petitioner, charging him with Conspiracy to Distribute a Controlled Substance from at least July 2003 through at least February 25, 2005 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C), pursuant to 21 U.S.C. § 846, and with the Distribution of Controlled Substances on February 28, 2005, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D).  (4:05-cr-40113 Doc. 30).   The Petitioner was arraigned before Magistrate Judge Thomas J. Shields on May 26, 2006, at which time he entered a plea of Not Guilty.  (4:05-cr-40113 Minute Entry of 5/26/2006).  The case was set for trial on June 5, 2006.  (4:05-cr-40113 Minute Entry of 5/26/2006).

On June 1, 2006, Petitioner, by and through his attorneys Stephen M. Komie and Sarah E. Toney, made various motions to dismiss the Indictment, causing the Government to seek a continuance in order to properly respond.  (4:05-cr-40113 Docs. 40 & 41; Minute Entry of 6/1/2006).  The trial was reset for August 14, 2006.  (4:05-cr-40113 Minute Entry of 6/1/2006).  On August 2, 2006, this Court held its final pretrial conference, at which Petitioner and his attorney, Sarah Toney, were present.  (4:05-cr-40113 Minute Entry of 8/2/2006).  This Court denied Petitioner's Motion to Continue.  (4:05-cr-40113 Minute Entry 0f 8/2/2006).  After this Court denied Petitioner's subsequent Motion to Continue on August 10, 2006 (4:05-cr-40113 Doc. 55), Petitioner submitted an Exhibit List, a Witness List, and Proposed Jury Instructions in preparation for trial on August 14.  (4:05-cr-40113 Docs. 56, 58. & 62).

On August 14, 2006, Petitioner, in the presence of his attorneys, changed his plea to guilty as to both Counts I and II of the Superseding Indictment. (4:05-cr-40113 Minute Entry 8/14/2006). Before this Court would accept his plea, it placed Petitioner under oath and questioned him as to whether he was knowingly and voluntarily making such a plea. (4:05-cr-40113 Doc. 112 at 3-6). After stating that he understood that he was under oath, Petitioner told this Court, amongst other things, that 1) he had discussed the charges and the case with his attorneys, including all possible defenses as well as the pros and cons of going to trial, 2) he was satisfied with the advice and counsel of his attorneys, and 3) no one, including his attorneys, had pressured him to plead guilty. (4:05-cr-40113 Doc. 112 and 5-6).

On May 4, 2007, Petitioner was sentenced to 235 months of imprisonment on each count, to be served concurrently, as well as four years of supervised release. (4:05-cr-40113 Minute Entry 5/4/2007). Petitioner, through his counsel, requested a two-level decrease for acceptance of responsibility, but the Court denied this request. (4:05-cr-40113 Doc. 113 at 175-77). Petitioner filed a timely notice of appeal on May 14, 2007. (4:05-cr-40113 Doc. 96). The only issue raised on appeal was whether this Court erred in concluding that Petitioner "managed or supervised at least one other participant in the drug distribution conspiracy." *United States v. Howell*, 527 F.3d 646, 649 (7th Cir. 2008). The Seventh Circuit affirmed this Court's decision., *id.* at 651, and Petitioner did not seek Supreme Court review.

On August 28, 2009, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence, alleging ineffective assistance of counsel. (Doc. 1). First,

3

Petitioner alleges that his counsel was not prepared for trial on August 14, 2006, and that they therefore "scared" him into entering a blind plea. (Doc. 1 at 7-8). Further, Petitioner claims that his counsel was ineffective at sentencing because they failed to put on evidence as to drug weights, and to properly question Petitioner's supporting witnesses. Petitioner claims that his attorneys' errors cost him three level reductions for timely acceptance of responsibility. (Doc. 1 at 10). Respondent filed its Response on October 26, 2009, to which Petitioner filed a Reply on February 16, 2010. (Docs. 5 & 8).

## DISCUSSION

Section 2255 of Chapter 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution." One such ground is the ineffective assistance of counsel in violation of the Sixth Amendment Right to Counsel. For Sixth Amendment claims of ineffective counsel, the Supreme Court established a two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail, Petitioner must establish that (1) counsel's representation fell below the threshold of objective reasonableness, and (2) but for counsel's deficiency, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Id.* at 687, 694.

The test established in *Strickland* was extended to counsel's conduct during the pleading phase of trial proceedings in *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To show that counsel was ineffective at pleading, Petitioner must prove

that his attorney performed in a deficient manner and that in the absence of counsel's errors, Petitioner would not have plead guilty. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). However, if Petitioner fails to show that counsel's alleged failure prejudiced his case, this Court need not consider the first prong of whether Petitioner's counsel acted outside of the range of professionally competent assistance. *Id.* (quoting *Strickland*, 466 U.S. at 697, for the proposition that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

## A.  Ineffective Assistance of Counsel at Plea Hearing

Petitioner claims that his attorneys were not prepared on the date set for trial and thus convinced Petitioner to accept a blind plea. Despite the fact that it does not appear to the Court that Petitioner's counsel was unprepared,[1] it is not necessary for the Court to reach this determination because Petitioner has failed to show that he was prejudiced by counsel's performance in any way.

Petitioner appears to make two claims with regard to prejudice. First, he claims that his attorney made him believe that he had no other option but to plead guilty, and thus "scared" him into accepting a blind plea. (Doc. 1 at 7). There is no objective evidence, however, that Petitioner would have refused to plead guilty but for his counsel's performance. Petitioner's own allegation that this was the case is not sufficient. *See Berkey*, 318 F.3d at 773 ("a self-serving statement is not enough to satisfy the *Strickland* prong."). Further, this Court engaged Petitioner in a

---

[1] The record reflects that prior to the date of trial, defense counsel had submitted an exhibit list, witness list, and proposed jury instructions. (4:05-cr-40113 Docs. 56, 58 & 62).

proper Rule 11 colloquy prior to accepting his plea, at which time Petitioner agreed that he had discussed the case with counsel and was aware of the case against him as well as the pros and cons of going to trial, and that he had decided to plead guilty of his own free will, free of any pressure from his attorneys. (4:05-cr-40113 Doc. 112 at 5-6). Because representations and admissions made by a defendant during a Rule 11 colloquy are entitled to a "presumption of verity," and Petitioner has no other objective evidence that he would not have plead guilty absent his attorneys' conduct, Petitioner has failed to show any prejudice. *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004).

Petitioner also claims that his attorneys' lack of preparation resulted in the loss of a two level reduction in sentencing for acceptance of responsibility and a one level reduction for timely acceptance. Not only would such prejudice not meet the standard for ineffective assistance of counsel at a plea hearing under *Lockhart*, 474 U.S. at 59, there is also no basis for this contention. Petitioner never sought a reduction for timely acceptance of responsibility, and, in any event, this Court denied his motion for acceptance of responsibility at sentencing on the grounds that he refused to admit any knowledge of Chad Scott's, one of his co-conspirators, actions in Illinois. (4:05-cr-40113 Doc. 113 at 175-77).

## B. Ineffective Assistance of Counsel at Sentencing

Petitioner also alleges that his counsel was ineffective at his sentencing hearing due to a lack of preparation and investigation. He claims that because they did not discuss the impact of "issues such as drug amount,

6

leadership/manager, and the acceptance of responsibility," he was not adequately prepared and thus lost a two-level reduction for acceptance of responsibility. (Doc. 1 at 8-9). Petitioner alleges that the most costly errors were his counsel's failure to explain the impact of drug weights upon the length of his sentence and their failure to effectively prepare and question Petitioner's supporting witnesses.

### I.    Failure to Explain Drug Weights

Petitioner's first claim with regards to the sentencing hearing is that his counsel failed to explain to him the impact of drug weights upon the length of his sentence. (Doc. 1 at 9). According to Petitioner, had counsel reviewed the issue with him prior to sentencing, he would have explained that many of the packages weighed by the government in computing the amount of drugs distributed also contained legal items such as shoes and clothing. (Doc. 1 at 9). In support of this contention, Petitioner has submitted an affidavit signed by Ben Guevarra, the person who shipped many of Petitioner's illegal packages, stating that a significant portion of the weight of each package was made up of legal items. (Doc. 4). Alternatively, Petitioner contends that had the weight issue been properly explained to him, he would have accepted the government's computation in order to protect his sentencing reduction. (Doc. 1 at 9).

At Petitioner's Sentencing Hearing, there was a great deal of discussion regarding the government's characterization of the relevant conduct weight. (4:05-cr-40113 Doc. 113 at 152-64). While Petitioner did not challenge the weight of the package seized on February 28, 2005, or the 400 kilograms of marijuana

7

transported to Tennessee, he did object to consideration of any other drug distribution, including the distribution of ecstasy to Chad Scott in Illinois. (4:05-cr-40113 Doc. 113 at 154). This Court found Mr. Scott's testimony credible and accordingly accepted the government's proffered conduct weight, which included a large amount of ecstasy sold by Petitioner to Mr. Scott. (4:05-cr-40113 Doc. 113 at 163).

Because the disputed issue at sentencing did not involve the weight of the packages shipped via Mr. Guevarra to Tennessee, Petitioner's contention that effective assistance of counsel would have explained this weight better is of no effect. This Court accepted Petitioner's stipulation that the Tennessee shipments weighed 400 kilograms; it also believed, however, that Petitioner sold ecstasy pills and other amounts of marijuana to Chad Scott in Illinois, and it was Petitioner's denial of this fact that affected his loss of a sentence reduction for "acceptance of responsibility." Accordingly, Petitioner has failed to show that his counsel's performance prejudiced him in any way. [2]

---

[2] In addition, it does not appear that Petitioner would have been able to reduce the stipulated to amount at sentencing had his counsel questioned Mr. Guevarra about non-contraband items included in illegal packages. While Guevarra's affidavit states that a large percentage of the packages sent by Petitioner contained legal items, at sentencing Guevarra testified that he only personally packaged one shipment for Petitioner. (4:05-cr-40113 Doc. 113 at 88-89). Further he noted that this shipment was in a garbage bag when Petitioner brought it in, and he did not "peek inside" to see what it contained. (4:05-cr-40113 Doc. 113 at 89). Thus Guevarra only would have had personal knowledge of the contents of this one package (if that) and could not testify to the make-up of the remainder.

## II.  Failure to Utilize Supporting Witnesses

Petitioner also alleges that his counsel was ineffective in that she failed to adequately prepare Petitioner's character witnesses, Ryan Friend and Rachel Lanot, for the sentencing hearing.  (Doc. 1 at 9-10).  He claims that because they were not prepared, the Court did not consider their testimony.  (Doc. 1 at 10).  There is no evidence in the record that this Court did not take Mr. Friend and Ms. Lanot's testimony into account.  Accordingly, Petitioner has failed to show any prejudice from his counsel's alleged shortcomings.

## CONCLUSION

For the reasons set out above, Petitioner's Motion to Vacate (Doc. 1) is DENIED.


CASE TERMINATED.



Entered this 8th day of September, 2010.


                                                   s/ Joe B. McDade
                                              JOE BILLY McDADE
                                  United States Senior District Judge