# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES C. HOWELL )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | Case No. 4:09-cv-04062 |

## <u>O P I N I O N  &  O R D E R</u>

This matter is before the Court on Petitioner's Request for a Certificate of Appealability ("COA") from this Court's September 8, 2010 Opinion & Order denying his Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 13). For the reasons stated below, the request for a Certificate of Appealability is DENIED.

On September 8, 2010, this Court entered an Opinion and Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 10). Petitioner had brought claims for ineffective assistance of counsel at plea hearing and sentencing. (Doc. 10 at 4). The Court found that both of Petitioner's claims failed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984) because Petitioner failed to show that he was legally prejudiced by counsel's alleged shortcomings. (Doc. 10 at 5, 8, 9). With regards to Petitioner's claim for ineffective assistance at plea hearing, the Court found that not only had Petitioner failed to show that he would not have pled guilty absent his attorney's

performance, he also failed to show that in the absence of such performance he would have received sentence reductions for timely acceptance of responsibility. (Doc. 10 at 6).

Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a Certificate of Appealability. A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

In his COA, Petitioner has requested to appeal his claim for ineffective assistance of counsel at plea hearing due to his counsel's alleged lack of preparation. Petitioner claims that such lack of preparation forced him to plead guilty, and that because of this he lost a two level sentence reduction for acceptance of responsibility, a one level reduction for timely acceptance, and was assessed $2,552 in jury costs. (Doc. 12 at 3). Petitioner has re-stated his arguments regarding why

his counsel was ineffective, but has not put forward any argument as to why this Court's determination that he suffered no prejudice was debatable or incorrect. Moreover, the Court has reviewed its September 8, 2010 Opinion & Order, and finds no basis for a determination that the decisions were debatable or incorrect.

IT IS THEREFORE ORDERED that Petitioner's Request for a Certificate of Appealability (Doc. 13) is DENIED.

CASE TERMINATED.

Entered this <u>8th</u> day of November, 2010.

    s/ Joe B. McDade    
JOE BILLY McDADE
United States Senior District Judge
